# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| CLARENCE MCNAIR,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>R. KERSTEN et al.,<br><br>　　　　　Defendants. | 3:16-cv-00038-RCJ-WGC<br><br>**ORDER** |

This is a prisoner civil rights case arising from allegations of Eighth Amendment deliberate indifference and First Amendment retaliation. Plaintiff Clarence McNair, a pro se litigant, is an inmate in custody of the Nevada Department of Corrections at the Northern Nevada Correctional Center ("NNCC"). Following screening of the Complaint, McNair was permitted to proceed with two claims against Defendant R. Kersten, arising from an alleged sexual harassment complaint against Kersten under the Prison Rape Elimination Act (PREA). (*See* Screening Order, ECF No. 7.) On July 19, 2017, the Court accepted and adopted the magistrate judge's report and recommendation that summary judgment be granted in favor of Kersten, based on Plaintiff's failure to exhaust the administrative remedies available at NNCC. (Order, ECF No. 35; R. & R. 8–14, ECF No. 34.) On February 14, 2018, the Court denied McNair's motion to reconsider. (Order, ECF No. 40.)

/ / /

On February 20, 2018, McNair filed a notice of appeal as to the order denying his motion to reconsider. (Notice Appeal, ECF No. 41.) Subsequently, McNair filed a "notice" that he was increasing his request for monetary relief. (Notice, ECF No. 46.) Then, on June 4, 2018, he filed a Rule 60(b) motion for relief from the judgment. (Mot., ECF No. 50.) Kersten did not oppose the notice or the motion, but rather requested instruction from the Court regarding whether any response would be necessary in light of McNair's pending appeal. (*See* ECF Nos. 51, 52.) The Court finds that no response is required.

"Once a notice of appeal is filed, the district court is divested of jurisdiction over the matters being appealed." *Nat. Res. Def. Council, Inc. v. Sw. Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001). With respect to McNair's "notice" that he wishes to increase his request for monetary relief in this case, it is not a motion, does not require any action from the Court, does not bind the Court nor any party, and is without legal or practical effect. McNair has not, for example, moved to amend his Complaint. Furthermore, even if McNair did seek leave to amend, the Court is without authority to grant such a request, because the entirety of the case has been disposed and an appeal is now pending. With respect to the motion for relief from the judgment, Federal Rule of Civil Procedure 62.1 provides:

> If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

FED. R. CIV. P. 62.1(a). In this instance, the Court elects to deny the motion.

///

///

///

///

## CONCLUSION

IT IS HEREBY ORDERED that the motion (ECF No. 50) is DENIED.

IT IS SO ORDERED.

_____
ROBERT C. JONES
United States District Judge

July 24, 2018.