UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CLARENCE MCNAIR,<br><br>    Plaintiff<br><br>v.<br><br>R. KERSTEN, et. al.,<br><br>    Defendants | Case No.: 3:16-cv-00038-RCJ-WGC<br><br>**Report & Recommendation of<br>United States Magistrate Judge**<br><br>Re: ECF No. 70 |

    This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

    Before the court is Plaintiff's Motion for Summary Judgment. (ECF No. 70.) Defendant Kersten filed a response (ECF No. 77); however, Plaintiff has not filed a reply brief.

    After a thorough review, it is recommended that Plaintiff's motion be denied.

**I. BACKGROUND**

    Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. (Am. Compl., ECF No. 5.) The events giving rise to this action took place while Plaintiff was housed at Northern Nevada Correctional Center (NNCC). (*Id.*) The court screened Plaintiff's amended complaint and allowed him to proceed with an Eighth Amendment deliberate indifference to safety claim as well as a retaliation claim against defendant Kersten. (ECF No. 7.)

    Plaintiff alleges that on July 1, 2015, he was interviewed by an agent from the Inspector General's Office concerning a Prison Rape Elimination Act (PREA) sexual harassment complaint

Plaintiff had filed against Kersten. After the interview, Plaintiff claims he was confronted by Kersten, who searched Plaintiff and shoved him, asking him what he had told the Inspector General and warned him against filing any more complaints. Plaintiff further avers that Kersten called Plaintiff a "handicapped homo" and in front of other inmates stated that Plaintiff likes to be touched. Plaintiff also alleges that Kersten used words such as "rat" and "snitch" loud enough for other prisoners to take note and spread word of the incident. Plaintiff claims he has since been the target of violence from other inmates who reference Kersten's words.

The court initially granted Kersten's motion for summary judgment on the basis that Plaintiff had not properly exhausted his administrative remedies before filing suit. (ECF Nos. 34, 35.) The Ninth Circuit reversed and remanded, finding Plaintiff's grievance sufficiently exhausted his administrative remedies. (ECF No. 61.)

District Judge Jones held a video status conference on October 13, 2020, and ordered Kersten to file an answer by November 3, 2020, and ordered the completion of discovery by February 1, 2021, and dispositive motions were to be filed by March 3, 2021. Judge Jones also set a trial date of May 3, 2021, and referred the matter to the undersigned to conduct a settlement conference. (ECF No. 69.)

Roughly a week later, Plaintiff filed this motion for summary judgment. Plaintiff cites the legal standard for a motion for summary judgment, and then states that the Ninth Circuit reversed the court's grant of summary judgment on the basis of exhaustion, and remanded for further proceedings. Plaintiff also states that the defense has admitted throughout these proceedings that they cannot produce discovery in this case. As a result, Plaintiff claims that summary judgment should be granted in his favor if the case does not settle. (ECF No. 70.)

1    The court held a status conference on November 25, 2020, where the court ordered
2  Plaintiff to produce his discoverable documents to Kersten, and for the Deputy Attorney General
3  (DAG) to produce Kersten's discoverable documents to Plaintiff. (ECF No. 80.)
4    The court conducted a settlement conference on January 27, 2021, but it was
5  unsuccessful. (ECF No. 99.)
6    After obtaining several extensions of the dispositive motions deadline, Kersten has filed
7  his motion for summary judgment (ECF No. 110), and the court recently granted Plaintiff's
8  request for an extension of time to file his response. (ECF No. 115). District Judge Jones has
9  rescheduled the jury trial for August 23, 2021. (ECF No. 109.)

## II. DISCUSSION

11   A party is entitled to summary judgment when "the movant shows that there is no
12 genuine issue as to any material fact and the movant is entitled to judgment as a matter of law."
13 Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Cartrett*, 477 U.S. 317, 330 (1986) (citing Fed. R.
14 Civ. P. 56(c)). "The purpose of summary judgment is to avoid unnecessary trials when there is
15 no dispute as to the facts before the court." *Northwest Motorcycle Ass'n v. U.S. Dep't of Agric.*,
16 18 F.3d 1468, 1471 (9th Cir. 1994) (citation omitted); *see also Celotex,* 477 U.S. at 323-24
17 (purpose of summary judgment is "to isolate and dispose of factually unsupported claims");
18 *Anderson,* 477 U.S. at 252 (purpose of summary judgment is to determine whether a case "is so
19 one-sided that one party must prevail as a matter of law").
20   "When the party moving for summary judgment would bear the burden of proof at trial,
21 'it must come forward with evidence which would entitle it to a directed verdict if the evidence
22 went uncontroverted at trial.'… In such a case, the moving party has the initial burden of
23 establishing the absence of a genuine [dispute] of fact on each issue material to its case." *C.A.R.*

*Transp. Brokerage Co. v. Darden Rest., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (internal citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party cannot establish an element essential to that party's case on which that party will have the burden of proof at trial. *See Celotex Corp. v. Cartrett*, 477 U.S. 317, 323-25 (1986).

      Plaintiff essentially provides two grounds for his motion for summary judgment: (1) the Ninth Circuit reversed and remanded the district court's order granting summary judgment on the basis that Plaintiff failed to exhaust administrative remedies before filing suit; and (2) the defense has represented it has no discovery in this case.

      Plaintiff is not entitled to judgment in this action because the Ninth Circuit reversed the district court's grant of summary judgment on exhaustion grounds. That decision simply means that the Ninth Circuit found Plaintiff did in fact exhaust administrative remedies, and therefore, the case is reinstated and proceeds to address the *substance* of the claims in the amended complaint: the Eighth Amendment and retaliation claims against Kersten.

      The court finds the second basis for Plaintiff's motion for summary judgment is also without merit. Plaintiff asserts that Defendants have represented they have no discovery in this case, and so he is entitled to summary judgment. When Plaintiff filed this motion discovery was still ongoing, and the court extended the deadline to produce discovery at the November 25, 2020 status conference. This deadline was extended further on December 3, 2020. (ECF No. 85.) In addition, the court ordered the parties to produce discoverable documents at the November status conference. Defense counsel filed a notice of disclosure of documents with the court on December 10, 2020 and produced discoverable documents to Plaintiff. (*See* ECF Nos.

88, 89, 90.) Therefore, Plaintiff's claim that Defendants have no discovery or have refused to produce discovery is directly contradicted by the record.

For these reasons, Plaintiff's motion for summary judgment should be denied.

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DENYING** Plaintiff's motion for summary judgment (ECF No. 70).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: May 12, 2021

_____
William G. Cobb
United States Magistrate Judge